## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **Sloan Valve Company,** | Case No. 17-cv-4496 |
| **Plaintiff,** | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | (1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);** |
| **Sloan Industries, LLC** **d/b/a Sloan Outdoor Kitchens** **d/b/a Sloan Outdoor Products** **d/b/a SkyVue,** | (2) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| **Defendant.** | (3) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |

(4) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
(5) **VIOLATION OF ILLINOIS DECEPTIVE TRADE PRACTICES ACT, 815 ILCS 510/2;**
(6) **COMMON LAW TRADEMARK INFRINGEMENT;**
(7) **COMMON LAW UNFAIR COMPETITION; AND**
(8) **UNJUST ENRICHMENT.**

**Jury Trial Demanded**

## <u>COMPLAINT</u>

Plaintiff, Sloan Valve Company ("Sloan"), for its complaint against Defendant, Sloan Industries, LLC d/b/a Sloan Outdoor Kitchens, Sloan Outdoor Products, and SkyVue ("SOK"), alleges as follows:

**The Parties**

1.      Sloan is a company organized and existing under the laws of the State of Delaware with a principal place of business at 10500 Seymour Avenue, Franklin Park, Illinois 60131.

2.      On information and belief, Sloan Industries, LLC is a company organized under the laws of the State of South Carolina with a place of business at 2215 Neptune Drive, Rock Hill, South Carolina 29730 that does business under the names Sloan Outdoor Kitchens, Sloan Outdoor Products, and Skyvue, including through the websites www.sloanoutdoors.com, www.facebook.com/sloanoutdoors, www.instagram.com/sloanoutdoors, www.twitter.com/Sloan Outdoors, www.pinterest.com/sloanoutdoors, plus.google.com/+SloanoutdoorsUSA, and www.youtube.com/channel/UC0Mvr56VlXpzacH0XQw5ToA.

**Jurisdiction and Venue**

3.      This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin, deceptive trade practices, and unjust enrichment. This action arises under 15 U.S.C. § 1051, *et seq.* ("the Lanham Act"), 815 ILCS 510/2 ("the Illinois Deceptive Trade Practices Act"), and common law.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over SOK because, *inter alia*, SOK has done and is doing business in the State of Illinois, including in this District. For example, (i) SOK has been using trademarks that are confusingly similar to Sloan's trademarks to advertise, promote, offer for sale, sell, and/or distribute SOK products to customers and/or potential customers in the State of Illinois, including in this District, and including at least through its interactive website

www.sloanoutdoors.com, (ii) SOK's tortious acts giving rise to this lawsuit and harm to Sloan have occurred and are occurring in the State of Illinois, including in this District, and (iii) SOK's customers and/or potential customers reside in the State of Illinois, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

**General Allegations – Sloan and Sloan's Intellectual Property**

7.      Sloan was founded by William Elvis Sloan in 1906 in Chicago, Illinois.  Mr. Sloan was a pioneer in the plumbing industry.  Through Sloan, he ushered in the modern plumbing era with his invention of the Royal® Flushometer.  The Royal Flushometer was the first product of its kind—designed to use less water and energy than gravity fed systems available at the time—and has been continuously available from Sloan from its introduction in 1906 through today.

| Illustration 1: Examples of Sloan Royal Flushometers |
|:---:|



| **Classic Sloan Royal Flushometer[1]** | **Contemporary Sloan Royal Flushometer** |
|:---:|:---:|

---

[1] Image is of a replica of a classic Royal Flushometer from the early 1900's made to commemorate the centennial anniversary of Sloan.

8.      Since 1906, four generations of Mr. Sloan's family have grown the company and continuously engaged in the development, manufacture, promotion, and sale of a wide range of products, including plumbing products and other fixtures for bathrooms and kitchens, and Sloan has continuously used the trademark "SLOAN" throughout the United States and the State of Illinois in connection with its company and products.

**Illustration 2: Additional Examples of Sloan Products**



9.      Sloan owns registered and common law trademark rights in several "SLOAN" marks, including "SLOAN" as used in connection with its company and various bathroom and kitchen products, including, for example, faucets, sinks, cabinets, and countertops.  For example, Sloan owns all rights, title, and interest in and to the following trademarks and trademark designs registered on the United States Patent and Trademark Office's Principal Register:

| Table 1 | | |
|---|---|---|
| **Registration No.** | **Registered Mark** | **Date of Registration** |
| 576,222 | SLOAN | June 23, 1953 |
| 584,323 | SLOAN | January 5, 1954 |
| 620,217 | **SLOAN** | January 31, 1956 |
| 1,586,636 | SLOAN | March 13, 1990 |
| 2,495,769 | SLOAN | October 9, 2001 |
| 2,814,107 | SLOAN STONE | February 10, 2004 |
| 2,844,883 | SloanStone | May 25, 2004 |
| 3,516,058 | SLOAN ECOS | October 14, 2008 |
| 5,201,543 | SLOANTEC | May 9, 2017 |

10.     Sloan's trademarks, including the above-referenced trademarks and trademark designs, will collectively be referred to as the "SLOAN Trademarks."

11.     A copy of Registration No. 576,222 ("the '222 Registration") is attached as Exhibit 1; a copy of Registration No. 584,323 ("the '323 Registration") is attached as Exhibit 2; a copy of Registration No. 620,217 ("the '217 Registration") is attached as Exhibit 3; a copy of Registration No. 1,586,636 ("the '636 Registration") is attached as Exhibit 4; a copy of Registration No. 2,495,769 ("the '769 Registration") is attached as Exhibit 5; a copy of Registration No. 2,814,107 ("the '107 Registration") is attached as Exhibit 6; a copy of Registration No. 2,844,883 ("the '883 Registration") is attached as Exhibit 7; a copy of Registration No. 3,516,058 ("the '058 Registration") is attached as Exhibit 8; and a copy of Registration No. 5,201,543 ("the '543 Registration") is attached as Exhibit 9.

12.     The '222 Registration, the '323 Registration, the '217 Registration, the '636 Registration, the '769 Registration, the '107 Registration, the '883 Registration, and the '058

Registration are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and therefore serve as conclusive evidence of the validity of the registered marks pursuant to 15 U.S.C. § 1115(b).

13.     Sloan's products bearing the SLOAN Trademarks are advertised through Sloan's website (www.sloan.com) and sold by Sloan and sold through well-known retailers and distributors across the United States and Illinois, such as Home Depot, Ferguson Enterprises, and Grainger.

14.     Sloan's products are used by and well known to consumers, contractors, builders, designers, and architects alike.  There are millions of installations of Sloan products bearing the SLOAN Trademarks across the United States, including in every State, and worldwide.  For example, Sloan's products bearing the SLOAN Trademarks are installed in well-known, high-traffic locations throughout the United States, including, *inter alia*, airports (e.g., O'Hare International Airport, Los Angeles International Airport), sports arenas (e.g., Wrigley Field, Soldier Field), national restaurants (e.g., McDonald's), national stores (e.g., Whole Foods), hotels (e.g., Hyatt Regency O'Hare, Hotel Erwin in Venice Beach, CA), convention centers (e.g., Los Angeles Convention Center), museums (e.g., The Field Museum of Natural History, Museum of Science and Industry), hospitals (e.g., Rush University Medical Center, Inova Fairfax Hospital), and landmarks (e.g., Willis Tower, Navy Pier, One World Trade Center, Empire State Building, Burj Khalifa, and Petronas Towers).

15.     Sloan has undertaken extensive marketing, advertising, and promotions relating to its name and products, including products bearing the SLOAN Trademarks.  For example, Sloan has engaged in a unique and high-profile collaboration with the Chicago Cubs.  Sloan has been an Official Water Efficiency Partner of the Chicago Cubs for multiple years.  Most recently, in

2015, the Chicago Cubs' spring training stadium in Mesa, Arizona was named Sloan Park.  In addition, signage and products featuring the SLOAN Trademarks are prominently displayed around Sloan Park and the iconic Wrigley Field.  Exemplary images of SLOAN Trademarks displayed at Sloan Park are shown below.

| Illustration 3: Examples of SLOAN Trademarks Displayed at Sloan Park |
| --- |







16.     Additionally, Sloan is the exclusive sponsor of the ARCHITECT magazine Studio Prize and the Sloan Award (www.studioprize.com).  The awards offer a substantial cash prize for courses at accredited architecture schools that share Sloan's focus on innovation, ethics, sustainability, and water conservation.  An example advertisement for the Studio Prize bearing the SLOAN Trademarks is shown below.



**Illustration 4:  Example Advertisement in ARCHITECT magazine for the Studio Prize Bearing the SLOAN Trademarks**

17.     Sloan further promotes its brand and its products, including its SLOAN Trademarks, on social media sites, such as Facebook (https://www.facebook.com/SloanValveCompany/), Twitter (https://twitter.com/sloan_valve), YouTube (https://www.youtube.com/user/SloanValveCompany), Instagram (https://www.instagram.com/sloan_valve/), LinkedIn (https://www.linkedin.com/company-beta/53452/), and Google Plus (https://plus.google.com/+sloanvalve).

18.     Sloan has also enjoyed considerable media coverage and recognition. For example, Sloan and its products, including those bearing the SLOAN Trademarks, have been mentioned in *The New York Times, Chicago Tribune, HuffingtonPost, Daily Herald, Pittsburgh Post-Gazette, Business Wire, Bath & Kitchen Pro, Contractor Magazine, Architect Magazine, Buildings Magazine, CCR Magazine, Trendir, lifehacker.com, mentalfloss.com, GreenBiz, Benefitfocus, AECCafe, FacilitiesNet, Facility Executive Magazine, Sourcing Hardware, Retrofit, Kenilworth, The Wholesaler, FM Link Commercial Construction & Renovation Magazine, Interiors and Sources, PM Engineer Magazine, Plumbing Engineer, Water Quality Products,* and *HVAC/Plumbing Products*.

19.     Further, Sloan has received awards recognizing its products, including products bearing the SLOAN Trademarks.  Examples of these awards include the Award for Design Excellence (ADEX) in 2006 and 2007 and the Facility Executive Magazine 2015 Readers' Choice Award.

20.     As a result of, *inter alia*, Sloan's exclusive, continuous, and substantial use of the SLOAN Trademarks, Sloan's exclusive, continuous, and substantial marketing, advertising, and promoting of its company name and products bearing the SLOAN Trademarks, and the publicity and attention that has been paid to Sloan, products bearing the SLOAN Trademarks, and the SLOAN Trademarks, the SLOAN Trademarks have become famous and acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate the SLOAN Trademarks as source identifiers of Sloan.

### General Allegations – SOK's Unfair and Unlawful Activities

21.     Upon information and belief, since around 2016, SOK has unlawfully used Sloan's SLOAN Trademarks and/or colorable imitations thereof, including by doing business

under SLOAN, SLOAN OUTDOOR KITCHENS, and SLOAN OUTDOOR PRODUCTS and by advertising, promoting, offering for sale, selling, and/or distributing SOK products bearing SLOAN Trademarks, including on its websites, and is thereby infringing and diluting Sloan's SLOAN Trademarks. SOK's actions have all been without the authorization of Sloan. An exemplary comparison of one of the SLOAN Trademarks and one of SOK's logos is shown below.

| Table 2 | |
| --- | --- |
| **Sloan's '636 Registration** | **Example of an SOK Infringing Logo** |
|  | |

22. Additional examples of SOK's infringing uses of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, on SOK's website and products are shown below:

**Illustration 5: Example Infringing Use of SLOAN Trademarks from SOK Website**



10

**Illustration 6: Example Infringing Use of SLOAN Trademarks from SOK Website**



**Illustration 7: Example Infringing Use of SLOAN Trademarks from SOK Website**



23.     As a result of SOK's activities related to its use of Sloan's SLOAN Trademarks and/or colorable imitations thereof, there is a likelihood of confusion between SOK and its products on the one hand, and Sloan and its products on the other hand.

24.     Sloan and SOK both sell their respective products through the same and/or similar channels of trade.

25.     Sloan used its SLOAN Trademarks extensively and continuously long before SOK began using the SLOAN Trademarks and/or colorable imitations thereof.  Moreover, Sloan's SLOAN Trademarks became famous and acquired secondary meaning in the United States and in the State of Illinois before SOK commenced unlawful use of Sloan's SLOAN Trademarks and/or colorable imitations thereof.

26.     Notably, SOK could have selected a different mark but chose to use the SLOAN Trademarks.  On information and belief, the founder of SOK has sold products under other names including, for example, the mark "SKYVUE," since around 2010.  On information and belief, SOK chose the SLOAN Trademarks deliberately and in the knowledge of Sloan's prior use of one or more of the SLOAN Trademarks.

27.     As discussed above and as set forth in the counts below, SOK's actions are unfair and unlawful.

**Count I:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

28.     Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 27 as though fully set forth herein.

29.     Based on the activities described above, including, for example, SOK using Sloan's federally registered trademarks, including at least the trademarks protected by the '222

Registration, the '323 Registration, the '217 Registration, the '636 Registration, the '769 Registration, the '107 Registration, the '883 Registration, the '058 Registration, and the '543 Registration, and/or colorable imitations thereof, in connection with doing business under SLOAN, SLOAN OUTDOOR KITCHENS, and SLOAN OUTDOOR PRODUCTS and through advertising, promoting, offering for sale, selling, and distributing SOK's products bearing registered SLOAN Trademarks, SOK has infringed Sloan's registered SLOAN Trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1). SOK's use of Sloan's registered SLOAN Trademarks and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive as to origin, affiliation, and/or sponsorship, at least by creating a false and misleading impression that SOK and/or SOK's products are manufactured by, authorized by, or otherwise associated with or approved by Sloan and/or Sloan's products.

30.     SOK's use of Sloan's registered SLOAN Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's registered trademarks, Sloan's products, and Sloan.

31.     Sloan is entitled to injunctive relief, and Sloan is entitled to recover at least SOK's profits, Sloan's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count II:**
**Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

32.     Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 31 as though fully set forth herein.

33.     Based on the activities described above, including, for example, SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, SOK violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  SOK's use of the SLOAN Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to origin, affiliation, and/or sponsorship, at least by creating the false and misleading impression that SOK and/or SOK's products are manufactured by, authorized by, or otherwise associated with or approved by Sloan and/or Sloan's products.

34.     Sloan's SLOAN Trademarks are entitled to protection under the Lanham Act. Sloan has extensively and continuously promoted and used its trademarks in the United States. Through that extensive and continuous use, Sloan's SLOAN Trademarks have become well-known indicators of the origin and quality of Sloan's products.  Sloan's SLOAN Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, Sloan's SLOAN Trademarks acquired this secondary meaning before SOK commenced its unlawful use of Sloan's SLOAN Trademarks in connection with SOK's products and company.

35.     SOK's use of Sloan's SLOAN Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's SLOAN Trademarks, Sloan's products, and Sloan.

36.     Sloan is entitled to injunctive relief, and Sloan is entitled to recover at least SOK's profits, Sloan's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

37.     Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38.     Based on the activities described above, including, for example, SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, SOK is likely to dilute, has diluted, and/or continues to dilute Sloan's famous trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  SOK's use of the SLOAN Trademarks and/or colorable imitations thereof is likely to cause, and/or has caused, dilution of Sloan's famous trademarks at least by eroding the public's exclusive identification of Sloan's famous trademarks with Sloan and Sloan's products, by lessening the capacity of Sloan's famous trademarks to identify and distinguish Sloan's products, and by impairing (i.e. blurring) the distinctiveness of Sloan's famous trademarks.

39.     Sloan's SLOAN Trademarks are famous and are entitled to protection under the Lanham Act.  Sloan's SLOAN Trademarks have acquired distinctiveness through Sloan's extensive and continuous promotion and use of Sloan's SLOAN Trademarks in the United States.  Through that extensive and continuous use, Sloan's SLOAN Trademarks have become famous well-known indicators of the origin and quality of Sloan's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of Sloan and Sloan's products.  Sloan's SLOAN Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, Sloan's SLOAN Trademarks became famous and acquired this secondary meaning before SOK commenced its unlawful use of Sloan's SLOAN Trademarks in connection with SOK's products and company.

15

40. SOK's use of Sloan's SLOAN Trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's SLOAN Trademarks, Sloan's products, and Sloan.

41. Sloan is entitled to injunctive relief, and Sloan is also entitled to recover at least SOK's profits, Sloan's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count IV:**
**Unfair Competition and False Designation of Origin**
**under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

42. Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43. Based on the activities described above, including, for example, SOK's doing business under SLOAN, SLOAN OUTDOOR KITCHENS, and SLOAN OUTDOOR PRODUCTS and SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, through advertisements, promotions, offers to sell, sales, and/or distribution of SOK's products, SOK violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). SOK's use of Sloan's SLOAN Trademarks and/or colorable imitations thereof constitutes unfair competition and false designation of origin, at least because SOK has obtained an unfair advantage as compared to Sloan through SOK's use of Sloan's SLOAN Trademarks and because such uses are likely to cause confusion, mistake, or deception as to origin, affiliation, and/or sponsorship, at least by creating the false and misleading impression that SOK and/or SOK's products are manufactured by, authorized by, or otherwise associated with or approved by Sloan and/or Sloan's products.

16

44.     Sloan's SLOAN trademarks are entitled to protection under the Lanham Act. Sloan has extensively and continuously promoted and used its trademarks in the United States. Through that extensive and continuous use, Sloan's SLOAN Trademarks have become a well-known indicator of the origin and quality of Sloan and Sloan's products. Sloan's SLOAN Trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, Sloan's SLOAN Trademarks acquired this secondary meaning before SOK commenced its unlawful use of Sloan's SLOAN Trademarks in connection with SOK's products and company.

45.     SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's SLOAN Trademarks, Sloan's products, and Sloan.

46.     Sloan is entitled to injunctive relief, and Sloan is also entitled to recover at least SOK's profits, Sloan's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count V:
### Violation of Illinois Deceptive Trade Practices Act, 815 ILCS 510/2

47.     Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 46 as though fully set forth herein.

48.     Based on the activities described above, including, for example, SOK's doing business under SLOAN, SLOAN OUTDOOR KITCHENS, and SLOAN OUTDOOR PRODUCTS and SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, SOK's activities constitute deceptive practices in violation of 815 ILCS 510/2. SOK's use of the SLOAN Trademarks and/or colorable imitations thereof is likely to cause confusion or

misunderstanding as to the source, sponsorship, approval, certification, affiliation, connection, and/or association of SOK and/or SOK's products, at least by creating the false and misleading impression that SOK and/or SOK's products are manufactured by, authorized by, or otherwise associated with or approved by Sloan and/or Sloan's products.

49.     SOK's use of Sloan's SLOAN Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's SLOAN Trademarks, Sloan's products, and Sloan.

50.     Sloan is entitled to injunctive relief, and Sloan is entitled to recover at least SOK's profits, Sloan's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 815 ILCS 510/3.

### Count VI:
### Common Law Trademark Infringement

51.     Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 50 as though fully set forth herein.

52.     SOK's activities described above, including, for example, SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, constitute common law trademark infringement.  SOK's use of Sloan's SLOAN Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to origin, affiliation, and/or sponsorship, at least by creating the false and misleading impression that SOK and/or SOK's products are manufactured by, authorized by, or otherwise associated with or approved by Sloan and/or Sloan's products.

53.    Sloan's SLOAN Trademarks are entitled to protection under the common law. Sloan has extensively and continuously promoted and used its trademarks in the United States and the State of Illinois.    Through that extensive and continuous use, Sloan's SLOAN Trademarks have become well-known indicators of the origin and quality of Sloan's products. Sloan's SLOAN Trademarks have also acquired substantial secondary meaning in the marketplace.    Moreover, Sloan's SLOAN Trademarks acquired this secondary meaning before SOK commenced its unlawful use of Sloan's SLOAN Trademarks in connection with SOK's products and company.

54.    SOK's use of Sloan's SLOAN trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's SLOAN Trademarks, Sloan's products, and Sloan.

55.    Sloan is entitled to injunctive relief, and Sloan is also entitled to recover at least Sloan's damages, SOK's profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Unfair Competition**

56.    Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 55 as though fully set forth herein.

57.    SOK's activities described above, including, for example, SOK doing business under SLOAN, SLOAN OUTDOOR KITCHENS, and SLOAN OUTDOOR PRODUCTS and SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, through advertisements, promotions, offers to sell, sales, and/or distribution of SOK's products, constitute common law unfair competition.  SOK's use of Sloan's SLOAN Trademarks and or

19

colorable imitations thereof constitutes unfair competition at least because SOK obtained an unfair advantage as compared to Sloan through SOK's use of Sloan's SLOAN Trademarks and because such uses are likely to cause confusion, mistake, or deception as to origin, affiliation, and/or sponsorship, at least by creating the false and misleading impression that SOK and/or SOK's products are manufactured by, authorized by, or otherwise associated with or approved by Sloan and/or Sloan's products.

58.     Sloan's SLOAN Trademarks are entitled to protection under the common law. Sloan has extensively and continuously promoted and used Sloan's SLOAN Trademarks for several decades in the United States and the State of Illinois.  Through that extensive and continuous use, Sloan's SLOAN Trademarks have become well-known indicators of the origin and quality of Sloan's products.  Sloan's SLOAN Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, Sloan's SLOAN Trademarks acquired this secondary meaning before SOK commenced its unlawful use of Sloan's SLOAN Trademarks in connection with SOK's products and company.

59.     SOK's use of Sloan's SLOAN Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's SLOAN Trademarks, Sloan's products, and Sloan.

60.     Sloan is entitled to injunctive relief, and Sloan is also entitled to recover at least Sloan's damages, SOK's profits, punitive damages, costs, and reasonable attorney fees.

## Count VIII:
## Unjust Enrichment

61.     Sloan realleges and incorporates the allegations set forth in paragraphs 1 through 60 as though fully set forth herein.

62.     SOK's activities described above, including, for example, SOK's use of Sloan's SLOAN Trademarks, and/or colorable imitations thereof, and without Sloan's consent, constitute unjust enrichment, at least because SOK has wrongfully obtained benefits at Sloan's expense. SOK has also, *inter alia*, operated with an undue advantage.

63.     Sloan created and marketed its products and its SLOAN Trademarks through extensive time, labor, effort, skill, and money.  SOK has wrongfully used and is wrongfully using Sloan's SLOAN Trademarks, and/or colorable imitations thereof, and has gained and is gaining a wrongful benefit by undue advantage through such use.  SOK has not been burdened with the expenses incurred by Sloan, yet SOK is obtaining the resulting benefits for its own business and products.

64.     Sloan's SLOAN Trademarks are entitled to protection under the common law. Sloan has extensively and continuously promoted and used Sloan's SLOAN Trademarks for several decades in the United States and the State of Illinois.  Through that extensive and continuous use, Sloan's SLOAN Trademarks have become well-known indicators of the origin and quality of Sloan's products.  Sloan's SLOAN Trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, Sloan's SLOAN Trademarks acquired this secondary meaning before SOK commenced its unlawful use of Sloan's SLOAN Trademarks in connection with SOK's products and company.

65.     SOK's use of Sloan's SLOAN Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury

to Sloan for which Sloan has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with Sloan's SLOAN Trademarks, products, and Sloan. Sloan accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. SOK has wrongfully obtained and is wrongfully obtaining a benefit at Sloan's expense by taking undue advantage and free-riding on Sloan's efforts and investments, and enjoying the benefits of Sloan's hard-earned goodwill and reputation.

66. Sloan is entitled to injunctive relief, and Sloan is also entitled to recover at least SOK's profits.

### Demand for Jury Trial

Sloan hereby demands a jury trial on all issues so triable.

### Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

A. Judgment that SOK has (i) infringed Sloan's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed Sloan's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted Sloan's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (iv) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (v) violated the Illinois Deceptive Trade Practices Act, 815 ILCS 510/2; (vi) violated Sloan's common law rights in Sloan's trademarks; (vii) engaged in common law unfair competition; and (viii) been unjustly enriched at Sloan's expense;

B. An injunction against further infringement and dilution of Sloan's trademarks, and further acts of deceptive trade practices, unfair competition, and unjust enrichment by SOK,

and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least an injunction against using SLOAN, SLOAN OUTDOOR KITCHENS, and SLOAN OUTDOOR PRODUCTS as a trademark, trade name, service mark, or other indicator of source and an injunction against advertising, promoting, offering for sale, selling, and/or distributing goods bearing Sloan's trademarks, pursuant to at least 15 U.S.C. § 1116 and 815 ILCS 510/3;

C.      An Order directing the destruction of all infringing products and all advertising materials related to the infringing products in SOK's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

D       An award of SOK's profits, Sloan's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and Sloan's reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 1125(c), 1116, and 1117 and 815 ILCS 510/2 and /3; and

E.      Such other and further relief as this Court deems just and proper.


Dated:  June 14, 2017                    Respectfully submitted,


                                         By: */s/ Louis DiSanto*

                                         Marc S. Cooperman
                                         Illinois Bar No. 6201035
                                         mcooperman@bannerwitcoff.com
                                         Louis DiSanto
                                         Illinois Bar No. 6286044
                                         ldisanto@bannerwitcoff.com
                                         Victoria R. M. Webb
                                         Illinois Bar No. 6307279
                                         vwebb@bannerwitcoff.com
                                         Banner & Witcoff, Ltd.
                                         Ten South Wacker Drive
                                         Suite 3000

23

Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR SLOAN VALVE COMPANY**